IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARIA GIORDANO,<br><br>   PLAINTIFF,<br><br>v.<br><br>STARR RESTAURANT ORGANIZATION<br><br>and<br><br>DAVID MADISON,<br><br>   DEFENDANTS. | CIVIL ACTION NO. _____<br>**JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

Plaintiff Daria Giordano by and through her attorneys, Bell & Bell, LLP, hereby files the following Complaint and Jury Demand ("Complaint").

## PRELIMINARY STATEMENT

1. This is an action for an award of damages, punitive damages, attorneys' fees and other relief on behalf of Plaintiff Daria Giordano, a former employee of Defendant Starr Restaurant Organization. Ms. Giordano has been harmed by the discrimination and retaliation she was subjected to by Defendants, and the termination of her employment.

2. This action arises under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) et seq. ("Title VII"), and the Pennsylvania Human Relations Act, 43 P.S. § 951 ("PHRA").

## JURISDICTIONAL STATEMENT

3. This Court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. §§ 1331 and 1391.

4. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which grants the District Court original jurisdiction in any civil action authorized by law to be commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

5. This Court has supplemental jurisdiction over any Pennsylvania state law claims pursuant to 28 U.S.C. § 1367.

6. All conditions precedent to the institution of this suit have been fulfilled. Ms. Giordano filed a Complaint with the Pennsylvania Human Relations Commission on March 2, 2006, which was dual filed with the Equal Employment Opportunity Commission. On January 9, 2007, the United States Equal Employment Opportunity Commission issued a Notice of Right to Sue in this matter. This action has been filed within 90 days of receipt of said Notice.

## VENUE

7. This action properly lies in the Eastern District of Pennsylvania, pursuant to 29 U.S.C. § 1391(b) because the claim arose in this judicial district.

## PARTIES

8. Plaintiff Daria Giordano is a female citizen and resident of the State of Pennsylvania, and the United States of America.

9. Defendant Starr Restaurant Organization ("SRO") is an entity that owns and operates Striped Bass Restaurant, 1500 Walnut Street, Philadelphia, PA 19102, where Daria Giordano was employed. Starr Restaurant Organization maintains a place of business at 134 Market Street, Philadelphia, PA 19106.

10. At all times material hereto, Starr Restaurant Organization acted by and through its authorized agents, servants, workmen and/or employees acting within the course and scope of their employment with Defendant Starr Restaurant Organization and in furtherance of Defendant Starr Restaurant Organization's business.

11. Defendant David Madison is an adult individual who was employed as a General Manager for Defendant Starr Restaurant Organization and managed the Striped Bass Restaurant.

12. Defendant Madison was Daria Giordano's supervisor during the period while Ms. Giordano was employed at Striped Bass and at all times relevant to the acts complained of herein.

13. At all relevant times Defendant Madison acted as agent, servant, manager and employee for Defendant Starr Restaurant Organization.

14. At all relevant times Defendant Madison was acting within the scope of his authority and in the course of employment under the direct control of Defendant Starr Restaurant Organization.

15. At all times relevant hereto, Defendant Starr Restaurant Organization has employed more than 15 employees.

16. Defendant Starr Restaurant Organization is an employer as defined under Title VII and the Pennsylvania Human Relations Act and is accordingly subject to the provisions of said laws.

17. At all relevant times Defendant Madison acted as "person" within the meaning of the Pennsylvania Human Relations Act, and are accordingly subject to the provisions of the Pennsylvania Human Relations Act.

### FACTS

18. In May 2005, Ms. Giordano was hired as a Hostess for Striped Bass restaurant.

19. In June 2005, Ms. Giordano was moved to a position as a Bartender, a position she held until her termination in December 2005.

20. Throughout her employment with Defendant SRO, the General Manager of Striped Bass restaurant was David Madison.

21. In addition to Mr. Madison, Ms. Giordano was also supervised in her position as bartender by Lauren Bernardini, Bar Manager and Robert Scully, Assistant Manager.

22. Throughout her employment at SRO, Ms. Giordano performed her duties in an excellent manner. Ms. Giordano received numerous compliments from Striped Bass customers and from Striped Bass management. For example, during a meeting in October 2005 attended by Defendant Madison, Assistant Manager Robert Scully, Bar Manager Lauren Bernardini and Bartender Ray Sundo, Ms. Giordano was told that she was doing an excellent job and that she should "keep up the good work."

23. SRO lacks any effective policy or practice for preventing and/or addressing sexual harassment in the work place. In fact, Ms. Giordano never received an employment handbook from SRO and was never made aware of any sexual harassment policy at SRO.

24. SRO management fostered an atmosphere at Striped Bass and other SRO restaurants that encouraged and tolerated sexual harassment of its employees.

25. During her employment at Striped Bass, Ms. Giordano was encouraged to wear revealing clothing, and was specifically told to "show more cleavage."

26. SRO management was aware that Defendant Madison has a history of making advances toward and engaging in sexual relationships with individuals under his supervision at SRO, but has not taken any effective measures to address these actions.

27. Beginning in May 2005, Ms. Giordano was subjected to inappropriate comments and propositioning by her manager, Defendant Madison. For example, among other things:

    a. Despite her repeated refusals, Defendant Madison repeatedly asked Ms. Giordano to go out with him;

    b. Defendant Madison repeatedly made comments regarding Ms. Giordano's appearance, including "you are looking hot tonight";

    c. Defendant Madison repeatedly asked Ms. Giordano about her romantic relationships, asking whether she "had a boyfriend"; and

    d. Defendant Madison repeatedly made comments regarding the appearance of other employees and customers of Striped Bass, including comments such as, "look at the tits on that one."

28. Ms. Giordano was also subjected to inappropriate advances from other SRO managers. For example, the General Manager of Washington Square restaurant repeatedly contacted Ms. Giordano and asked her to date him, despite the fact that she declined his advances.

29. Ms. Giordano made clear at all times to Defendant Madison, and others, through words and actions, that she perceived Defendant Madison's conduct to be unwelcome.

30. In response to Ms. Giordano's refusal to engage in a sexual relationship with Defendant Madison, Defendant Madison retaliated against Ms. Giordano.

31. In or about November 2005, Defendant Madison began a romantic relationship with a female individual who had previously interviewed at Striped Bass for a position as a Bartender.

32. Shortly thereafter, Defendant Madison took steps to remove Ms. Giordano from her bartender position, in order to enable him to hire the individual that he was dating. For example, Defendant Madison began to unfairly criticize Ms. Giordano's work.

33. In mid November 2005, Defendant Madison told at least one SRO employee that he was planning to terminate Ms. Giordano's employment and indicated that he was interested in obtaining any information that would provide him with a reason to terminate Ms. Giordano.

34. On December 2, 2005, during a meeting attended by Ms. Giordano and Robert Scully, Assistant Manager, Defendant Madison informed Ms. Giordano that he was terminating her employment.

35. Defendant Madison claimed that his primary reason for terminating Ms. Giordano's employment was that he had discovered that she left a lemon slice in the sink on November 27, 2005.

36. On December 9, 2005, Ms. Giordano contacted William Hubbard, Director of Human Resources for SRO. Ms. Giordano informed Mr. Hubbard that she

believed her termination was unjustified. Ms. Giordano also told Mr. Hubbard that she was concerned because Defendant Madison was and had been dating the individual who replaced her as a bartender.

37. On December 13, 2006, Mr. Hubbard informed Ms. Giordano that he was not going to investigate the matter further because he had reviewed Ms. Giordano's file and discovered that she had several written performance warnings.

   a. Mr. Hubbard specifically stated that he had reviewed written warnings regarding Ms. Giordano and that Ms. Giordano's signature appeared on these written warnings. Mr. Hubbard also stated that one of the warnings related to a "money issue" and that Ms. Giordano had been counseled about this issue during a meeting attended by Defendant Madison and Christopher Lee, Striped Bass Chef.

   b. Ms. Giordano advised Mr. Hubbard that she had never received any written warnings and that she had never signed any warnings. In addition, Ms. Giordano had never been counseled about any "money issues" and had never attended a counseling meeting with Defendant Madison and Chef Christopher Lee.

38. Defendant David Madison falsified documentation and forged Ms. Giordano's signature in order to justify his termination of Ms. Giordano. Upon information and belief, Defendant Madison has previously falsified documentation relating to other employees in order to support termination decisions.

39. Defendant Madison's proffered explanation for Ms. Giordano's termination is implausible and suspicious for many reasons, including:

   a. Ms. Giordano's performance at Striped Bass was excellent;

7

    b.    Ms. Giordano did not leave fruit in the bar sink, as claimed by Defendant Madison;

    c.    A failure to remove fruit from the bar sink is not an infraction that typically prompts a termination at Starr Restaurant Organization;

    d.    Defendant Madison made the decision to terminate Ms. Giordano's employment in mid November 2005, approximately two weeks before the fruit in the bar sink incident that he claimed prompted her termination;

    e.    Defendant Madison provided inconsistent reasons for Ms. Giordano's termination, as he initially told Ms. Giordano that he was terminating her for leaving fruit in the bar sink and then represented to Mr. Hubbard that Ms. Giordano's termination was the result of a history of documented performance issues; and

    f.    Defendant Madison fabricated documentation and forged Ms. Giordano's signature in order to justify her termination.

40.    The actions of Defendant Madison were in retaliation for Ms. Giordano's refusal to engage in a sexual relationship with Defendant Madison and calculated to allow Defendant Madison to replace Ms. Giordano with an individual that he was dating.

41.    Defendant Madison discriminated against Ms. Giordano by favoring the individual he was dating over Ms. Giordano and terminating Ms. Giordano's employment so that he could replace Ms. Giordano with an individual that he was dating.

42.    As a result of the discrimination and retaliation detailed above, Ms. Giordano has suffered, and continues to suffer severe emotional distress.

43. Defendant Madison and others acted with the intent of causing, or in reckless disregard of the probability that their actions would cause Ms. Giordano severe emotional distress.

## FIRST COUNT
**(Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq.)**
**Daria Giordano v. Starr Restaurant Organization**

44. Plaintiff repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

45. Based on the foregoing, Defendant has engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) et seq.

46. In discriminating against and retaliating against Ms. Giordano because of her sex, because of her refusal of Defendant Madison's advances and because of Defendant Madison's sexual relationship with another employee, and terminating Ms. Giordano, Defendant Starr Restaurant Organization violated Title VII of the Civil Rights Act of 1964.

47. Said violations were intentional and willful.

48. Said violations warrant the imposition of punitive damages.

49. As the direct result of the aforesaid unlawful employment practices engaged in by Defendant, Plaintiff Daria Giordano has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon.

## SECOND COUNT
### (Pennsylvania Human Relations Act, 43 P.S. § 951)
### Daria Giordano v. Starr Restaurant Organization and David Madison

50. Plaintiff repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

51. In discriminating against and retaliating against Ms. Giordano because of her sex, because of her refusal of Defendant Madison's advances and because of Defendant Madison's sexual relationship with another employee, and terminating Ms. Giordano, Defendant Starr Restaurant Organization violated the Pennsylvania Human Relations Act, 43 P.S. § 951.

52. As the direct result of the aforesaid unlawful employment practices engaged in by Defendant, Plaintiff Daria Giordano has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon.

## PRAYER FOR RELIEF

53. Plaintiff repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

**WHEREFORE**, Plaintiff Daria Giordano respectfully requests that this Court enter judgment in her favor and against Defendants Starr Restaurant Organization and David Madison and order that:

a. Defendants compensate Plaintiff Daria Giordano with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful discrimination;

b. Defendants compensate Plaintiff Daria Giordano with an award of front pay;

c. Defendants compensate Plaintiff Daria Giordano with the wages and other benefits and emoluments of employment lost because of their unlawful conduct;

d. Defendants pay Plaintiff Daria Giordano compensatory damages for future pecuniary losses, pain and suffering, inconvenience, mental anguish, loss of employment and other nonpecuniary losses as allowable;

e. Defendants pay Plaintiff Daria Giordano attorneys' fees;

f. Defendants pay punitive damages; and

g. The Court award such other relief as is deemed just and proper.

## **JURY DEMAND**

Plaintiff Daria Giordano hereby demands trial by jury as to all issues so triable.

/S JENNIFER C. BELL

---

Jennifer C. Bell, Esquire
PA Attorney I.D. #81045
James A. Bell, IV, Esquire
PA Attorney I.D. #81724
Bell & Bell, LLP
1617 JFK Blvd. – Suite 1020
Philadelphia, PA  19103
(215) 569-2500

Attorneys for Plaintiff Daria Giordano

DATED:     April 6, 2007

11